## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    Criminal No. _____ |
| | ) |
| COVETRUS NORTH AMERICA LLC. | ) |

### PLEA AGREEMENT

COVETRUS NORTH AMERICA LLC (EIN: 37-1507466) has entered into a Plea Agreement with the United States of America, by counsel, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). The terms and conditions of this Plea Agreement are as follows:

**1.    CHARGE TO WHICH COVETRUS NORTH AMERICA LLC IS PLEADING GUILTY AND WAIVER OF RIGHTS**

COVETRUS NORTH AMERICA LLC ("COVETRUS NA") will enter a plea of guilty to Count One of the Information charging it with violating Title 21, United States Code, Sections 331(a), 333(a)(1), and 352(f)(1) in the Western District of Virginia by introducing and delivering for introduction, and causing the introduction and delivery for introduction, into interstate commerce of veterinary prescription drugs that were misbranded.

COVETRUS NA understands, and the parties agree and stipulate, the maximum statutory penalty is a fine of $3,230,114 (three million two hundred thirty thousand one hundred fourteen dollars), pursuant to Title 18, United States Code, Section 3571(d), and a period of probation of five (5) years, pursuant to Title 18, United States Code, Section 3561(c)(2). In addition, COVETRUS NA's assets are subject to forfeiture. COVETRUS NA understands fees may be imposed to pay for probation and there will be a $125 (one hundred twenty-five dollars) special assessment for Count One, pursuant to Title 18, United States Code, Section 3013(a)(1)(B)(iii). COVETRUS NA's attorneys have informed it of the nature of the charge and the elements of the charge that must be proved by the United States beyond a reasonable doubt before COVETRUS NA could be found guilty as charged.

COVETRUS NA admits and agrees that all of the statements and allegations in the Information are true and correct.

COVETRUS NA acknowledges COVETRUS NA has had all of its rights explained to it. COVETRUS NA expressly recognizes that, as a corporation, it may have the following constitutional rights and by voluntarily pleading guilty COVETRUS NA knowingly waives and gives up these valuable constitutional rights:

- The right to plead not guilty and persist in that plea.
- The right to a speedy and public jury trial.
- The right to assistance of counsel at that trial and in any subsequent appeal.

*Authorized Corporate Officer's Initials:* 

- The right to remain silent at trial.
- The right to testify at trial.
- The right to confront and cross-examine witnesses. The right to present evidence and witnesses.
- The right to compulsory process of the court.
- The right to compel the attendance of witnesses at trial. The right to be presumed innocent.
- The right to a unanimous guilty verdict. The right to appeal a guilty verdict.

COVETRUS NA is pleading guilty as described above because it is in fact guilty and because COVETRUS NA believes it is in its best interest to do so and not because of any threats or promises, other than the terms of this Plea Agreement, described herein, made in exchange for its plea of guilty. COVETRUS NA agrees all of the matters set forth in the Information are true and correct.

COVETRUS NA agrees, and hereby consents, pursuant to Title 18, United States Code, Section 3401 and Federal Rule of Criminal Procedure 58(b)(3)(A), to a magistrate judge taking COVETRUS NA's guilty plea, sentencing COVETRUS NA, and entering judgment against COVETRUS NA. COVETRUS NA understands it has a right to trial, judgment, and sentencing by a district judge and a right to trial by jury. Knowing these rights, COVETRUS NA expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge.

COVETRUS NA understands the plea is being entered in accordance with Fed. R. Crim. P. 11(c)(1)(C).

## 2.    **SENTENCING PROVISIONS**

The parties agree the 2023 version of the United States Sentencing Commission Guidelines Manual ("U.S.S.G.") is the appropriate Guidelines Manual to utilize. According to U.S.S.G. § 8C2.1, the organizational fine provisions do not apply to the count of conviction in this case, which is a misdemeanor under 21 U.S.C. § 333(a)(1).

The parties agree and stipulate:

a.    the fine shall be $1,000,000 (one million dollars);

b.    COVETRUS NA shall pay $1,000,000 (one million dollars) to the Virginia Department of Health Professions ("DHP") in recognition of direct assistance provided by DHP to the United States during the investigation;

c.    COVETRUS NA shall forfeit $21,534,091 (twenty-one million five hundred thirty-four thousand ninety-one dollars); and

d.    COVETRUS NA shall serve a term of probation of one to three years, as determined by the Court.

The Court will determine what terms and length of probation are appropriate and the parties

will be free to argue for which terms and length of probation they believe are appropriate. COVETRUS NA understands and agrees if its probation is revoked, it may be resentenced and a total aggregate fine up to the statutory maximum may be imposed.

The parties agree if the Court refuses to accept this Plea Agreement with the agreed-upon sentence, COVETRUS NA will be free to withdraw its guilty plea. Acceptance of this Plea Agreement by the Court includes acceptance of each of the sentencing provisions and financial obligations described herein.  In the event the Court refuses to accept this Plea Agreement and COVETRUS NA withdraws its guilty plea within ten days of being notified of the Court's refusal, nothing in this Plea Agreement shall be deemed a waiver of the provisions of Federal Rule of Evidence ("Fed. R. Evid.") 410. Under these circumstances, the United States will move to dismiss the Information without prejudice and the United States may file any charges it could have filed in the absence of the plea agreement. COVETRUS NA agrees to toll the statute of limitations between the date of the entry of the plea and the filing of any such charges.

## 3.    **FINANCIAL OBLIGATIONS**

COVETRUS NA agrees and understands any of the money paid pursuant to this Plea Agreement will be returned if, and only if, the Court refuses to accept this Plea Agreement with the agreed- upon sentence and, as a result, COVETRUS NA withdraws its guilty plea. If the Court rejects this Plea Agreement and COVETRUS NA withdraws its guilty plea, the United States will return all money paid by COVETRUS NA, without interest, not more than thirty (30) days after COVETRUS NA withdraws its guilty plea and notifies the United States Attorney's Office for the Western District of Virginia ("USAO"), in writing, it wishes to have the money returned.

In addition, in accordance with 18 U.S.C. § 3572(d)(3), COVETRUS NA will notify the Court of any material change in COVETRUS NA's economic circumstances that might affect COVETRUS NA's ability to pay any amounts payable under this Plea Agreement.

a.    Payments

On or before January 4, 2024, COVETRUS NA will make the following disbursements:

(1)    $1,000,000 (one million dollars) to the Virginia Department of Health Professions. These funds must be remitted in the form of certified funds made payable to the "Treasurer of Virginia." The comment section of the check should note "DHP-Enforcement" in recognition of direct assistance provided to the United States during the investigation; and

(2)    $21,534,091 (twenty-one million five hundred thirty-four thousand ninety-one dollars) in full satisfaction of the forfeiture money judgment. These funds must be remitted in the form of certified funds made payable to the U.S. Marshals Service, Asset Forfeiture Unit, 247 Federal Building, 210 Franklin Road, S.W., Roanoke, Virginia.

Within 7 days of the entry of COVETRUS NA's guilty plea, COVETRUS NA will make the following disbursements:

(1)    $125 (one hundred twenty-five dollars) to the Clerk, U.S. District Court, Abingdon, Virginia, as payment of the special assessment; and

(2)    $1,000,000 (one million dollars) to the Clerk, U.S. District Court, Abingdon, Virginia, as payment of the fine.

b.    Forfeiture

COVETRUS NA agrees to the entry of a forfeiture money judgment in the amount of $21,534,091 (twenty-one million five hundred thirty-four thousand ninety-one dollars) in United States currency ("Forfeiture Money Judgment") pursuant to 21 U.S.C. §§ 334 and 853(p), and 28 U.S.C. § 2461(c). COVETRUS NA agrees that the value of the quantities of prescription drugs which were misbranded in violation of 21 U.S.C. § 331(a) totaled at least $21,534,091 (twenty-one million five hundred thirty-four thousand ninety-one dollars) in United States currency.

COVETRUS NA acknowledges and agrees the quantities of the drugs which were misbranded in violation of 21 U.S.C. § 331(a) cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, COVETRUS NA agrees the government is entitled to forfeit as substitute assets any other assets of COVETRUS NA up to the value of the now missing directly forfeitable assets, pursuant to 21 U.S.C. § 853(p). Payment in full of the Forfeiture Money Judgment shall satisfy any and all forfeiture obligations that COVETRUS NA may have as a result of this guilty plea. COVETRUS NA consents to the entry of an Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure forfeiting the above-referenced Forfeiture Money Judgment.

COVETRUS NA agrees to sign any documentation necessary and to cooperate fully with the United States to accomplish the forfeiture. COVETRUS NA agrees to forfeit all interest in these funds and to take whatever steps are necessary to pass clear title of these funds to the United States.

COVETRUS NA agrees not to file a claim in any forfeiture proceeding or to contest, in any manner, the forfeiture of said assets. COVETRUS NA agrees not to file or interpose any claim or to assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgement in any administrative or judicial proceeding.

COVETRUS NA understands and agrees forfeiture of this property is proportionate to the degree and nature of the offense. COVETRUS NA freely and knowingly waives any and all constitutional and statutory challenges to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including, but not limited to, that the forfeiture constitutes an excessive fine or punishment. COVETRUS NA further understands and agrees this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any monetary penalty or other monetary judgment that may be imposed by the court.

c.    Restitution

The parties agree and stipulate, pursuant to 18 U.S.C. § 3663(a)(1)(B)(ii), that no restitution

will be ordered.

## 4.    **ADDITIONAL OBLIGATIONS**

Unless the Court rejects this Plea Agreement and, as a result, COVETRUS NA withdraws its plea, COVETRUS NA agrees to: (1) accept responsibility for its conduct; (2) not attempt to withdraw its guilty plea; (3) not deny it committed the crime to which it has pled guilty; (4) comply with any reasonable request of the United States Attorney's Office and (5) not make or adopt any arguments or objections to the presentence investigation report that are inconsistent with this Plea Agreement.

COVETRUS NA will not (1) make any public statement or (2) make any statement or take any position in litigation in which any United States department or agency is a party, contradicting any statement or provision set forth in the Plea Agreement or its attachments. If COVETRUS NA inadvertently makes a public statement that in whole or in part contradicts any such statement or provision, COVETRUS NA may avoid being in violation of this Plea Agreement by promptly publicly repudiating such statement. For the purposes of this paragraph, the term "public statement" means any statement made or authorized by COVETRUS NA's directors, officers, employees, or attorneys and includes, but is not limited to, a statement in (1) a press release, (2) public relations material, or (3) COVETRUS NA websites. Notwithstanding the above, COVETRUS NA may avail themselves of any legal or factual arguments available (1) in defending litigation brought by a party other than the United States or (2) in any inquiry, complaint, notice of violation, investigation or proceeding brought by a state entity or by the United States Congress. This paragraph does not apply to any statement made by any individual in the course of any actual or contemplated criminal, regulatory, administrative, or civil case initiated by any governmental or private party against such individual.

## 5.    **WAIVER OF RIGHT TO APPEAL AND COLLATERALLY ATTACK THE JUDGMENT AND SENTENCE IMPOSED BY THE COURT**

If the Court accepts this Plea Agreement, COVETRUS NA agrees COVETRUS NA will not appeal the conviction or sentence imposed. COVETRUS NA is knowingly and voluntarily waiving any right to appeal and is voluntarily willing to rely on the Court in sentencing it, pursuant to the terms of Fed. R. Crim. P. 11(c)(1)(C). COVETRUS NA expressly waives its right to appeal as to any and all issues in this matter and waives any right it may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such appeal or collateral attack cannot be waived, by law. COVETRUS NA understands the United States expressly reserves all of its rights to appeal, but if the United States initiates a direct appeal of the sentence imposed, COVETRUS NA may file a cross appeal of that same sentence. COVETRUS NA agrees and understands if it files any court document (except for an appeal or collateral attack based on an issue that cannot be waived, by law) seeking to disturb, in any way, any order imposed in the case such action shall constitute a failure to comply with a provision of this Plea Agreement.

## 6.    **INFORMATION ACCESS WAIVER**

COVETRUS NA agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a. However, if a third party obtains any records pertaining to the investigation or prosecution of this case under the Freedom of Information Act, COVETRUS NA shall have the right to request copies of such disclosed records.

## 7.    ADMISSIBILITY OF STATEMENTS

COVETRUS NA understands any statements made on its behalf (including, but not limited to, this Plea Agreement and its admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements made, in any setting, may be used against COVETRUS NA by the United States in this or any other proceeding. COVETRUS NA knowingly waives any right it may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence in this or any other proceeding. If, and only if, the Court rejects this Plea Agreement, and, as a result, COVETRUS NA withdraws its plea, COVETRUS NA will not be bound by the waivers set forth in this section of the Plea Agreement.

## 8.    SUCCESSOR LIABILITY

COVETRUS NA agrees if, during the Term, it undertakes any material change in corporate form, including if it sells, merges, or transfers any portion of its business operations material to COVETRUS NA's consolidated operations as they existed as of January 31, 2023, whether such change is structured as a sale, asset sale, merger, transfer, or other material change in corporate form, it shall include in any contract for sale, merger, transfer, or other change in corporate form a provision binding the purchaser, or any successor in interest thereto, to the obligations described in this Agreement unless the USAO-WDVA otherwise agrees in writing. COVETRUS NA shall provide notice to the USAO-WDVA at least 60 (sixty) days prior to undertaking any such sale, merger, transfer, or other change in corporate form. Nothing herein shall restrict COVETRUS NA from indemnifying (or otherwise holding harmless) the purchaser or successor in interest for penalties or other costs arising from any conduct that may have occurred prior to the date of the transaction, so long as such indemnification does not have the effect of circumventing or frustrating the enforcement purposes of this Agreement, as determined by the USAO-WDVA.

## 9.    COMPLETION OF PROSECUTION

Pursuant to Fed. R. Crim. P. 11(c)(l)(A), so long as COVETRUS NA complies with all of its obligations under this Plea Agreement, the United States agrees, other than the charge in the attached Information, it shall not further criminally prosecute COVETRUS NA for any federal criminal charges or forfeiture action with respect to any Offense Conduct set forth in the Information.

Nothing in this Plea Agreement affects the administrative, civil, criminal, or other tax liability of any entity or individual and this Plea Agreement does not bind the Internal Revenue Service of the Department of Treasury, the Tax Division of the United States Department of Justice, or any other government agency with respect to the resolution of any tax issue.

**10.     LIMITATION OF PLEA AGREEMENT**

This Plea Agreement is limited to the United States Department of Justice and does not bind any other federal, state, or local authority.

**11.     COMPLIANCE AND REMEDIAL MEASURES**

COVETRUS NA agrees to comply with the Corporate Compliance Program Agreement attached hereto as Attachment B.

**12.     COOPERATION**

COVETRUS NA acknowledges that its ongoing and future cooperation is important and a material fact underlying the United States' decision to enter into this Plea Agreement. COVETRUS NA agrees to continue to cooperate fully and actively with the United States regarding any matter, including, but not limited to, matters involving (a) current and former COVETRUS NA personnel, and (b) other entities who operate in the same commercial segment as COVETRUS NA.

Nothing in this Plea Agreement shall be construed to require COVETRUS NA to waive any attorney-client privilege or work-product protection.

**13.     REMEDIES FOR FAILURE TO COMPLY WITH ANY PROVISION OF THIS PLEA AGREEMENT**

COVETRUS NA understands, agrees, and stipulates if: (1) COVETRUS NA attempts to withdraw its plea; (2) COVETRUS NA fails to comply with any provision of this Plea Agreement; (3) COVETRUS NA's conviction is set aside, for any reason; (4) COVETRUS NA fails to execute all required paperwork;  and/or (5) the Court rejects the plea agreement, the United States may, at its election, pursue any or all of the following remedies: (a) declare this Plea Agreement void; (b) file, by indictment or information, any charges which were filed and/or could have been filed concerning the matters involved in the instant investigation; (c) refuse to abide by any stipulations  and/or recommendations contained in this Plea Agreement; (d) not be bound by any obligation of the United States set forth in this Plea Agreement, including, but not limited to, those obligations set forth in the section of this Plea Agreement titled "COMPLETION OF PROSECUTION;" and (e) take any other action provided for under this Plea Agreement or by statute, regulation or court rule.

COVETRUS NA hereby waives its right under Fed. R. Crim. P. 7 to be proceeded against by indictment and consents to the filing of an information against it concerning any charges filed pursuant to this section of this Plea Agreement. COVETRUS NA hereby waives any statute of limitations argument as to any such charges. COVETRUS NA hereby waives any double jeopardy, speedy trial, or statute of limitations defense it may have as to any reinstated, newly filed, or non- dismissed charges described in this section of this Plea Agreement. COVETRUS NA agrees the provisions of this section are contractual obligations between the United States and COVETRUS NA and are severable from the plea agreement and survive any Court's rejection of the plea agreement.

The remedies set forth above are cumulative and not mutually exclusive. If the United

States pursues any of its permissible remedies as set forth in this Plea Agreement, COVETRUS NA will still be bound by its obligations under this Plea Agreement.

## 14.    **EFFECTIVE REPRESENTATION**

COVETRUS NA has discussed the terms of this Plea Agreement and all matters pertaining to the charges against it with its attorneys and is fully satisfied with its attorneys and its attorneys' advice. At this time, COVETRUS NA has no dissatisfaction or complaint with its attorneys' representation. COVETRUS NA agrees to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint COVETRUS NA may have with its attorneys' representation.

## 15.    **EFFECT OF AUTHORIZED SIGNATURE ON BEHALF OF COVETRUS NA**

COVETRUS NA understands its Authorized Corporate Officer's signature on this Plea Agreement constitutes a binding offer by it to enter into this Plea Agreement. COVETRUS NA understands the United States has not accepted COVETRUS NA's offer until the authorized representative of the United States has signed this Plea Agreement.

## 16.    **GENERAL UNDERSTANDINGS**

COVETRUS NA understands a presentence investigation will be conducted and sentencing recommendations independent of the USAO will be made by the presentence preparer.

COVETRUS NA understands the United States and COVETRUS NA retain the right, notwithstanding any provision in this Plea Agreement, to inform the probation office and the Court of all facts, to address the Court with respect to the nature and seriousness of the offense and the offender, to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, and to respond to any statements made to the Court.

COVETRUS NA willingly stipulates there is a sufficient factual basis for the Court to accept the plea.

COVETRUS NA understands this Plea Agreement does not apply to any crimes or charges not addressed in this Plea Agreement.

COVETRUS NA has not been coerced, threatened, or promised anything other than the terms of this Plea Agreement, described above, in exchange for its plea of guilty. COVETRUS NA understands its attorneys will be free to argue any mitigating factors on its behalf to the extent they are not inconsistent with the terms of this Plea Agreement. COVETRUS NA understands COVETRUS NA will have an opportunity to have a representative address the Court prior to sentence being imposed.

This writing, the Corporate Compliance Program Agreement (attached as Attachment B), and the Agreed Order of Forfeiture (attached as Attachment C) are the complete and only agreements between the United States and COVETRUS NA concerning resolution of this matter. In addition, COVETRUS NA has no objection to the filing of the Information.

The agreements and documents listed in this section set forth the entire understanding between the parties and constitute the complete agreement between the United States Attorney for the Western District of Virginia and COVETRUS NA and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. These agreements supersede all prior understandings, promises, agreements, or conditions, if any, between the United States and COVETRUS NA. COVETRUS NA consents to public disclosure of all of the agreements and other documents referenced in this section.

COVETRUS NA has consulted with its attorneys and fully understands its rights. COVETRUS NA has read this Plea Agreement and carefully reviewed every part of it with its attorneys. COVETRUS NA understands this Plea Agreement and COVETRUS NA voluntarily agrees to it. Being aware of all of the possible consequences of its plea, COVETRUS NA has independently decided to enter this plea of its own free will and is affirming that agreement on this date by the signature of its Authorized Corporate Officer ("Officer") below.

The Officer, by signing below, hereby certifies to the following:

(1)    The Officer is fully authorized to enter into this Plea Agreement on behalf of COVETRUS NA;

(2)    The Officer has read the entire Plea Agreement and documents referenced herein and discussed them with COVETRUS NA's Board of Directors;

(3)    COVETRUS NA understands all the terms of this Plea Agreement and those terms correctly reflect the results of plea negotiations;

(4)    COVETRUS NA is fully satisfied with COVETRUS NA's attorneys' representation during all phases of this case;

(5)    COVETRUS NA is freely and voluntarily pleading guilty in this case;

(6)    COVETRUS NA is pleading guilty as set forth in this Plea Agreement because it is guilty of the crime to which it is entering its plea; and

(7)    COVETRUS NA understands it is waiving its right to appeal the judgment and conviction in this case.

COVETRUS NA acknowledges its acceptance of this Plea Agreement by the signature of its counsel and Officer. A copy of a certification by the Board of Directors of Covetrus, Inc., the ultimate sole member, through its wholly-owned subsidiary, of COVETRUS NA, authorizing the Officer to execute this Plea Agreement and all other documents to resolve this matter on behalf of COVETRUS NA is attached as Attachment A.

Date: February 8, 2024

Benjamin Wolin
President and CEO of Covetrus, Inc.
Authorized Corporate Officer

COVETRUS NORTH AMERICA, LLC

Counsel has fully explained to the Board of Directors of Covetrus, Inc., the ultimate sole member, through its wholly-owned subsidiary, of COVETRUS NA, the facts and circumstances of the case; all rights with respect to the offense charged in the Information; possible defenses to the offense charged in the Information; all rights with respect to the applicability of the Sentencing Guidelines; and the consequences of entering into this Plea Agreement and entering a guilty plea. Counsel has reviewed this entire Plea Agreement and documents referenced herein with the client, through its Officer. COVETRUS NA understands the terms and conditions of this Plea Agreement, and COVETRUS NA's decision to enter into this Plea Agreement is knowing and voluntary. COVETRUS NA's execution of and entry into the Plea Agreement is done with Counsel's consent.

Date: _February 8, 2024_

Warren Hamel
Venable LLP
***Counsel for Covetrus North America, LLC***

Date: _February 9, 2024_

*Randy Ramseyer*
*Assistant United States Attorney*

**WRITTEN ACTION OF**

**THE BOARD OF DIRECTORS OF CVET TOPCO GP, LLC.**

The undersigned, being all of the members of the Board of Directors (the "Board") of CVET Topco GP, LLC ("CVET Topco"), a Delaware limited liability company, by written consent in lieu of a formal meeting pursuant to Section 18-302(d) of the Delaware Limited Liability Company Act (the "Act") and the Amended and Restated Limited Liability Company Agreement of the Company, dated as of October 13, 2022 (the "LLC Agreement"), do hereby consent to the adoption of the following resolutions. Capitalized terms used but not defined herein shall have the meanings set forth in the LLC Agreement.

**PLEA AGREEMENT**

**WHEREAS,** CVET Topco is the owner of Covetrus, Inc., a Delaware corporation (the "Company"); and

**WHEREAS**, the Company is the ultimate sole controlling member of Covetrus North America LLC ("Covetrus North America"); and

**WHEREAS,** Covetrus North America and the Company have been in discussions with the U.S. Attorney's Office for the Western District of Virginia ("USAO-WDVA") to resolve its investigation into Covetrus North America, among other things, having Covetrus North American enter into a Plea Agreement (the "Agreement"); and

**WHEREAS,** the Company is required to obtain the approval of the Board prior to any direct or indirect subsidiary of the Company resolving such investigation and entering into the Agreement; and

**WHEREAS,** the Board has been provided with copies of the Agreement and has determined that it is in the best interest of the Company to authorize Covetrus North America to enter into the Agreement.

**WHEREAS,** Ben Wolin is not currently an officer of Covetrus North America but has been acting as an authorized representative of Covetrus North America in connection with discussions with the USAO-WDVA and requires authorization to execute the Agreement.

**NOW, THEREFORE, BE IT RESOLVED,** that the Board hereby approves Covetrus North America entering into the Agreement and authorizes Benjamin Wolin, Chief Executive Officer of the Company, to execute and deliver the Agreement on behalf of Covetrus North America, with such ministerial changes as he may approve, such approval to be conclusively evidenced by the execution of the changed Agreement; and further

**RESOLVED,** that the Board hereby approves Covetrus North America pleading guilty to the charge specified in the Agreement in the U.S. District Court for the Western District of Virginia; and further

**RESOLVED,** that Mr. Wolin is hereby authorized and directed to execute and deliver all other documents necessary to carry out the provisions of the Agreement; and further

**RESOLVED,** that Mr. Wolin, or his designated representative, is hereby authorized to appear on behalf of Covetrus North America and enter such guilty plea; and further

*Attachment A – Board Resolution*
*United States v. Covetrus North America LLC*

**RESOLVED**, that Mr. Wolin is hereby authorized and directed to acknowledge on behalf of the Company and Covetrus North America that the Agreement and related documents (the "Documents") fully set forth the agreement made between Covetrus North America and the USAO-WDVA, and that no additional promises or representations have been made to the Company or Covetrus North America by any officials of the USAO-WDVA in connection with the Agreement, other than those set forth in the Documents; and further

**RESOLVED,** that (i) the President and Chief Executive Officer of the Company, (ii) the Chief Financial Officer of the Company, or (iii) any of their written designees, respective successors or current or future officers of the Company holding the same or similar titles are authorized and directed to make any payments on behalf of Covetrus North America that are required in connection with the Agreement; and further

**RESOLVED,** that the officers of the Company and of Covetrus North America be, and each of them hereby is authorized and empowered, in the name and on behalf of the Company and Covetrus North America, respectively, to make all such arrangements, to do and perform all such acts and things, and to execute and deliver all such certificates and such other instrument and documents as they may deem appropriate in order to effectuate fully the purpose of each and all of the foregoing resolutions, and that any and all actions taken heretofore and hereafter to accomplish such purposes, all or singular, be, and they hereby are approved, ratified and confirmed; and further

**RESOLVED,** that any actions taken by any of the officers of the Company or of Covetrus North America on behalf of Covetrus Nort America in connection with the Agreement prior to the date of the foregoing resolutions adopted hereby that are within the authority conferred hereby are ratified, confirmed and approved,

**INTENTIONALLY LEFT BLANK**

*Attachment A – Board Resolution*
*United States v. Covetrus North America LLC*

**IN WITNESS WHEREOF,** the undersigned have executed this written action to be effective as of the date first written above**.**

Philip Knisely

Ravi Sachdev

Sarah Kim

Kendall Garrison

Jeffrey Rhodes

Scott Anderson

Steve Morgan

Ben Wolin

## CORPORATE COMPLIANCE PROGRAM
## AGREEMENT

The following Covetrus North America, LLC ("Covetrus NA" or the "Company") Corporate Compliance Program Agreement ("Corporate Compliance Program Agreement") has been prepared pursuant to the Plea Agreement between the Company and the United States Attorney's Office for the Western District of Virginia ("USAO-WDVA"). Compliance with all the terms and standards of the Corporate Compliance Program Agreement is a condition of the Plea Agreement and shall continue for a period of forty-eight months ("Term").

<u>Applicability and Purpose</u>

1.      This Corporate Compliance Program Agreement shall be incorporated into the Plea Agreement by reference, and compliance with the terms of the Corporate Compliance Program Agreement will be a condition of the Plea Agreement.

2.      Any proposed modifications to this Corporate Compliance Program Agreement must be made in writing and signed by the Company and the designated signatory for the USAO-WDVA.

3.      The Corporate Compliance Program Agreement does not in any way release the Company from complying with any applicable federal or state statutes and/or regulations, and does not limit the imposition of any sanctions, penalties or any other actions available under those state or federal statutes and regulations.

4.      Defendant COVETRUS NORTH AMERICA LLC is a Delaware corporation with its principal place of business in Dublin, Ohio. COVETRUS NA was formerly known as Butler Animal Health Supply, LLC and was a subsidiary of Henry Schein, Inc. In February 2019, Henry Schein, Inc. spun-off its animal health business, including Butler Animal Health Supply LLC, which in turn merged with Vets First Choice to create a separate entity named Covetrus, Inc. As part of that spin-merger, Butler Animal Health Supply, LLC became a subsidiary of Covetrus, Inc., and was re-named Covetrus North America LLC.  Covetrus, Inc., through its wholly-owned subsidiary, is the ultimate sole member controlling COVETRUS NA.  In addition, CVET Topco GP, LLC is the owner of Covetrus, Inc.

<u>The Corporate Compliance Program Agreement</u>

5.      The Company and the USAO-WDVA agree that the Company shall undertake the following voluntary compliance measures. The Corporate Compliance Program Agreement does and will continue to contain policies and procedures designed to prevent, detect, and correct violations of federal and state statutes and/or regulations concerning federal prescription drug distribution, including but not limited to the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq*. and FDA requirements. These policies and procedures shall be designed to ensure

that the Company complies with, among other things, the FDCA's prohibitions against causing the introduction into interstate commerce of a drug that is misbranded or otherwise violates the FDCA.

6.    *Compliance Officer.* The Company shall maintain a Compliance Officer for the Term. During the Term, the Compliance Officer shall be authorized to oversee compliance with federal and state statutes and/or regulations concerning federal prescription drug distribution, including but not limited to the FDCA, FDA requirements, and the requirements of the Corporate Compliance Program Agreement. The Compliance Officer is, and shall continue to be, responsible for developing and implementing policies, procedures and practices designed to address compliance with the requirements set forth in this Corporate Compliance Program Agreement, with federal and state statutes and/or regulations concerning federal prescription drug distribution and FDA requirements. The Compliance Officer shall be a member of senior management of the Company, and shall report directly to the President of the Company. The Compliance Officer shall make periodic (at least quarterly) reports regarding compliance matters directly to the President of the Company, and the CEO and Board of Directors of Covetrus, Inc., which, through its wholly-owned subsidiary, is the ultimate sole member of Covetrus North America LLC (hereinafter the "Board") or any authorized committee thereof, and shall be authorized to report on such matters to the Board at any time. In addition to the reporting obligations set out in this paragraph, the Compliance Officer will continue to report to the General Counsel, but will not be subordinate to the Chief Financial Officer of either COVETRUS NA or Covetrus, Inc. The Compliance Officer shall be responsible for monitoring the day-to-day compliance activities engaged in by the Company as well as for any obligations created under the Corporate Compliance Program Agreement. Any non-compliance job responsibilities of the Compliance Officer must not interfere with the Compliance Officer's ability to perform the duties outlined in the Corporate Compliance Program Agreement.

7.    *Compliance Committee.* Prior to the execution of the Plea Agreement, the Company formed a Compliance Committee (hereafter "Compliance Committee") which, in conjunction with the Compliance Officer, assists in the implementation and enhancement of the compliance program. The Company shall maintain the Compliance Committee for the Term. The Compliance Committee shall include, at a minimum, the Compliance Officer and other members of senior management necessary to meet the requirements of the Corporate Compliance Program Agreement (e.g., senior executives of relevant departments, such as legal, regulatory, audit, human resources, and operations.) The Compliance Committee shall support the Compliance Officer in fulfilling his/her responsibilities (e.g., shall assist in the analysis of the Company's risk areas and shall oversee monitoring of internal and external compliance-related audits and investigations). The Compliance Committee shall meet at least quarterly.

8.    *Board of Directors Compliance Obligations.* Effective from the date of the entry of the guilty plea and continuing throughout the Term, the Board of Directors of Covetrus, Inc., as the ultimate sole member of COVETRUS NA through its wholly-owned subsidiary ("Board"), will oversee the Company's compliance program. The Board shall oversee the Company's compliance program, including at a minimum:

*Attachment B – Corporate Compliance Program Agreement*
*United States v. Covetrus North America LLC*

a.    the Company's obligations under the Corporate Compliance Program Agreement

b.    receiving updates about adoption and implementation of policies, procedures and practices designed to ensure compliance with the FDCA and FDA requirements,

c.    evaluating the effectiveness of the compliance program; and

d.    shall report quarterly to the Board of Directors of CVET Topco GP, LLC regarding the status of the Corporate Compliance Program.

9.    The Company shall continue to evaluate its current business to ensure that it is not currently receiving, distributing, or handling misbranded or unapproved federal prescription drugs. Should the Company find it is receiving, distributing, or handling misbranded or unapproved federal prescription drugs, it shall take necessary steps to remediate any such conduct.

10.    The Company shall continue to enhance its current training program to ensure that pertinent employees are familiar with the requirements of the FDCA and FDA requirements that could potentially apply to the Company's conduct.

11.    The Company will put in place processes to (a) encourage employees to report suspected non-compliant activities by the Company, customers, or others and to (b) acknowledge or otherwise recognize employees for reporting confirmed non-compliant activity, as appropriate.

12.    The Company will maintain, or as necessary establish, policies and procedures designed to ensure effective investigation of any complaints and/or potential deficiencies relating to compliance with federal and state statutes and/or regulations concerning federal prescription drug distribution, including but not limited to the FDCA and FDA requirements. Such policies and procedures shall include, but are not limited to:

a.    Training and providing guidance to all pertinent employees as to the requirement to report all information regarding potential non-compliance with federal and state statutes and/or regulations concerning federal prescription drug distribution or FDA requirements to the Compliance Officer, who in turn will review and determine whether corrective actions are required; and

b.    Tracking allegations and remediation action plans regarding potential non-compliance with federal and state statutes and/or regulations concerning federal prescription drug distribution or FDA requirements to identify issues that may require corrective actions.

13.    Within 60 days of the end of the Company's fiscal year, Covetrus Inc.'s President

*Attachment B – Corporate Compliance Program Agreement*
*United States v. Covetrus North America LLC*

and CEO and Covetrus NA's President will certify under oath, after reasonable inquiry as determined by the USAO-WDVA, to (a) the USAO-WDVA during the Term and (b) the United States Probation Office for any period during which the Company is on probation, that (1), the Company fully complied with all federal laws and regulations pursuant to the Food, Drug, and Cosmetic Act ("FDCA") in the preceding year, or in the alternative, (2) list all non-compliant activity and the steps taken by the company to remedy such non-compliant activity. Any listing of non-compliant activity shall not be considered by the USAO-WDVA or the Probation Officer as a per se violation of the terms of probation or the Plea Agreement. Instead, other factors may be taken into account, including whether the conduct violated policies the Company has adopted, whether the Company provided training addressing the subject matter of the reported conduct, whether it was an isolated or systemic occurrence, the Company's response, and any remedial actions taken after the Company learned of the conduct reported.

<u>Non-Compliance</u>

14.     The Corporate Compliance Program Agreement is part of the Plea Agreement and adherence to it will be an enforceable condition.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal No. _____** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COVETRUS NORTH AMERICA LLC** | ) | |

### AGREED ORDER OF FORFEITURE

**IT IS HEREBY ORDERED THAT:**

    **A.**    Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the evidence of record and the guilty plea to Count One of the Information, misbranding a drug, in violation of 21 U.S.C. §§ 331(a), 333(a)(1), and 352(f)(1), the defendant shall forfeit to the United States quantities of prescription veterinary drugs that were misbranded when introduced into interstate commerce and/or when being held for sale in interstate commerce, pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461.

    **B.**    Pursuant to the defendant's plea agreement, because the above-described forfeitable property, as a result of the defendant's acts, has been transferred or sold to third parties and cannot be located upon the exercise of due diligence, a money judgment in the amount of $21,534,091 (twenty-one million five hundred thirty-four thousand ninety-one dollars) is hereby entered against the defendant as a substitute asset pursuant to 21 U.S.C. § 853(p).

    **C.**    On or before January 4, 2024, the defendant will voluntarily remit payment in the amount of $21,534,091 (twenty-one million five hundred thirty-four thousand ninety-one dollars) in full satisfaction of the money judgment by remitting certified funds made payable to the U.S. Marshals Service, Asset Forfeiture Unit, 247 Federal Building, 210 Franklin Road, S.W., Roanoke, Virginia 24011.

    **D.**    As payments are voluntarily being remitted to the United States, notice and publication are not required.

    **E.**    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

    **F.**    Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order of Forfeiture shall become final as to the defendant at sentencing and shall be made a part of the sentence and included in the judgment.

*Attachment C – Agreed Order of Forfeiture*
*United States v. Covetrus North America LLC*

**ENTERED THIS** _____ **DAY OF**_____, **2024.**

_____
**UNITED STATES MAGISTRATE JUDGE**

SEEN AND AGREED TO:

For Covetrus North America LLC:

_____
Benjamin Wolin
President and CEO of Covetrus, Inc.
Authorized Corporate Officer
*Covetrus North America LLC*

_____
Warren Hamel
Venable LLP
*Counsel for Covetrus North America LLC*

For the United States:

_____
for Krista Frith
*Assistant United States Attorney*

*Attachment C – Agreed Order of Forfeiture*
*United States v. Covetrus North America LLC*